```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :     07 Cr. 524 (SHS)

        - v. -                    :

MARTIN RIVLIN,                    :

        Defendant.                :
- - - - - - - - - - - - - - - - - x
```

**DEFENDANT MARTIN RIVLIN'S REPLY MEMORANDUM IN SUPPORT
OF THE MOTION TO DISMISS THE INDICTMENT IN PART**

Statutes of limitations are to be interpreted in favor of repose, and admit only of carefully circumscribed exceptions. Toussie v. United States, 397 U.S. 112, 115 (1970). Here, the Government has charged a defendant with conduct dating back to 1995, 12 years prior to the Indictment. Because the charge also includes conduct that ended in 2003, four years before the Indictment, the Government seeks to shoehorn all of the prior conduct, which otherwise would be time-barred, within the five-year statute of limitations. The Government does so by construingly broadly what the Supreme Court has held is a narrow exception to the statute of limitations doctrine – the "continuing offense" exception explained in Toussie. Id. Because the crime of embezzlement may in some instances take a continuing form, the Government urges that the offense is always "continuing" in nature, within the meaning of the exception. The Govern-

ment's reasoning would render all crimes capable of factually continuing "continuing offenses." Such a result is not permitted under Toussie, which held a defendant's continued failure to register for the draft not to be a "continuing offense" because there was no language in the particular statute that necessarily contemplated a prolonged course of conduct. Id. at 120-21. The Supreme Court emphasized that where the argument in support of implying a particular crime to be a continuing offense is equivocal, the statute must be construed in favor of applying the statue of limitations. Id. at 122-23.

There is nothing in the language of 18 U.S.C. § 664 that either explicitly or by implication requires a prolonged course of conduct. The nature of the crime – stealing pension money – is not intrinsically prolonged, but can be committed by a single act. It stands in contrast to traditional "continuing offenses" such as the status crimes of bigamy or escape, that do not end without an affirmative act, or conspiracy, which continues so long as the agreement continues. While one could hypothesize examples of conduct falling within Section 664 that would be prolonged in nature, as the Supreme Court held, an offense is only "continuing" for statute of limitations purposes if it is unambiguously, on the face of the statute, a continuing process. Id. Here, Mr. Rivlin is alleged to have repeatedly filed false affidavits and received pension checks – on separate occasions.

This is no different from a defendant who sells drugs on the same corner on different dates; an offense does not become continuous by nature simply because the conduct is repeated. Each time Mr. Rivlin cashed a check, the offense was complete – there was no ongoing evil – unlike, for example, bigamy, escape, or the possession of stolen goods.

Indeed, no court has ever held that Section 664 states a "continuing offense." The Government searches for authority to support its position by citation to cases outside this Circuit in which forms of embezzlement under other criminal statutes have been held to be "continuing offenses."[1] Statutory construction turns, of course, on the precise statute construed. But even the Government's reliance on this authority is logically flawed and when examined closely, the authority supports dismissal of the pre-2002 conduct.

First, the case primarily relied upon by the Government for

---

[1] The Government cites to the Toussie dissent, which in a list of offenses that have previously been considered "continuing" includes embezzlement under a Minnesota state statute, as interpreted by the Minnesota Supreme Court in 1933. Gov't Memo. at 5, citing Toussie, 397 U.S. at 134. Of course, this is not a majority opinion, and the dissent was not specifically considering the nature of embezzlement, just listing past decisions. Indeed, since the elements and statutory language of the Minnesota offense may or may not be similar to 18 U.S.C. § 664, this tells us little.

Even less informative is the Government's citation of a general citation by the Seventh Circuit to the Toussie dissent's list of offenses. It's quite a leap from this general citation, with no specific reference to embezzlement, to the idea that the Court of Appeals was saying embezzlement was a continuing offense in an opinion that holds exactly the contrary. Gov't Memo at 6 fn. 1, citing United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999).

the idea that embezzlement is inherently a continuing offense, United States v. Smith, from the Fourth Circuit, which considered 18 U.S.C. § 641, did not hold that all embezzlement is a continuing offense, Gov't Memo. at 5. To the contrary, it held that embezzlement may be treated as either a continuing offense or a non-continuing offense for statute of limitations purposes, depending on how it is carried out.  373 F.3d 561, 567-68 (4th Cir. 2004).  The Fourth Circuit specifically distinguished "a recurring, automatic scheme of embezzlement . . . without need for affirmative acts", which it held is a continuing offense, from other embezzlement conduct, such as "a series of separate acts," which is not a continuing offense within the meaning of Toussie.  Id.   Under the reasoning of Smith, the instant case would not be a continuing offense, since the pension checks were not automatically received, but rather required separate, affirmative acts.

   Then, after embracing Smith, the Government goes on to argue, in contradiction to the reasoning of Smith, that whether an offense is "continuing" should turn on the nature of the crime, not on the specific conduct or language of the indictment. Gov't Memo. at 7-8.  This analysis, too, supports Mr. Rivlin's motion.  It is precisely what the Smith dissent argued, 373 F. 3d 568-70, and augurs strongly in favor of interpreting embezzlement as a non-continuing offense.  Under the "categorical approach" to

- 4 -

criminal statutory interpretation employed in this Circuit, the court looks to the "minimum criminal conduct necessary to sustain a conviction under a given statute" to determine the intrinsic nature of a crime. Dalton v. Ashcroft, 257 F.3d 200, 204 (2d Cir. 2001). Under this approach, unless all possible violations of the statute are "continuing," the crime is not a "continuing offense" by nature. See id. This is consistent with the Supreme Court's emphasis in Toussie that an equivocal statute should be construed in favor of applying the statute of limitations. 397 U.S. at 122-23. Thus, here, because the minimal conduct necessary to violate Section 664 is a single, rapid theft of pension funds, with no continuing aspect, Section 664 is not by nature a "continuing offense."

The Government's next attempt to find supporting authority is equally unavailing. It looks to a different crime, of "concealing and retaining" stolen government property, pursuant to a different statute, 18 U.S.C. § 641, which has been held by other Circuits to be a continuing offense, and presses that because some forms of embezzlement (though not Section 664) involve "retaining", *therefore*, Section 664 must also be a continuing offense. Gov't Memo. at 6. But the cases considering "concealing and retaining stolen government property" emphasize that it is a continuing offense because it is possessory in nature, "require[ing] retention of specific, tangible property," and thus

the offense continues as long as the property is possessed. United States v. Blizzard, 27 F.3d 100, 103 (4th Cir. 1994). By contrast, Section 664 does not require retention of property. So, this analysis also supports dismissal: on this theory, Mr. Rivlin's offense ended when he allegedly cashed – thus losing possession of – each pension check.

When nomenclature is put aside, the Government's argument here is very similar to that made by the Government in United States v. Yashar and rejected by the Seventh Circuit: that where there is a continuing course of conduct, and some conduct falls within the limitations period, the offense is not completed until the last criminal act. 166 F.3d 873, 876 (7th Cir. 1999).[2] As the Seventh Circuit held, the continuing offense exception "is a term of art, and does not merely mean an offense that continues in a factual sense." Id. at 875. Reading "continuing" to mean continued factually would "eviscerate [the] narrow, selective approach of Toussie" and "undermine the purpose of the statute of limitations," by wrongly shifting the focus from the nature of the crime to whether the conduct was ongoing.[3] Id. at 877, 879.

---

[2] The Government does not even attempt to explain on what basis it is here asserting that embezzlement is a continuing offense when it previously conceded, in both Yashar and a case in this Circuit, United States v. Silkowski, 32 F.3d 682 (2d Cir. 1994), that embezzlement was not a continuing offense.

[3] That the Government is conflating whether criminal conduct factually continues with a "continuing offense" for statute of limitations purposes, is shown by its citation to U.S. v. Hayden, 260 F.3d 1062, 1066 (9th Cir. 2001) as authority for the idea

Thus, unless it is clear from the statutory language that an offense is continuous by nature, the limitations period must start when all elements of the crime are first present. Id.  In this case, as in Yashar, that means that the limitations period began to run with the receipt of each unlawful payment, and that only checks received within 5 years of the Indictment, brought in June 2007, are prosecutable.  Had Mr. Rivlin never cashed a check after June 2002, there could be no Indictment at all. Had the Government sought to charge each check as a separate offense, it could only prosecute those checks received from June 2002 to June 2003.  That the conduct repeated through June 2003 does not bring the prior conduct within the statute of limitations.

Statutes of limitation are often a bitter pill because they result in otherwise prosecutable conduct not being prosecuted. But they are meant to be so, in order to prevent defendants from being pursued for long-ago conduct and to encourage prompt investigation and prosecution. Toussie, 397 U.S. at 114-15. Indeed, in this case, the Government chose to indict Mr. Rivlin

---

that embezzlement is a continuing offense within the meaning of Toussie.  No statute of limitations issue was raised in Hayden, nor is there any discussion of the continuing offense doctrine. Rather, Hayden treats the question of whether venue lies in multiple jurisdictions when an offense begins in one district and is completed in another. Id. at 1066.  The Ninth Circuit was not using the statute of limitations term of art when it described embezzlement as a continuing offense, but speaking in factual terms. The venue analysis of whether a crime "continued" in a particular jurisdiction is not the same as analysis of the nature of the offense employed for statute of limitations purposes.

only after Judge Cote dismissed on equitable grounds the pension fund's civil suit against Mr. Rivlin seeking repayment of the pension fund money under ERISA.  Irving Kroop et al. v. Martin Rivlin, 04 Civ. 1401 (DLC).  Clearly, the pension fund had been aware of this conduct for at least three years prior to the Indictment, but apparently it was not deemed suitable for prosecution until the civil suit failed.

Finally, the Government seems to be arguing that because the Guidelines allow consideration of relevant conduct at sentencing, even if the bulk of the charged conduct is outside of the statute of limitations, the defendant's interests would not be advanced by dismissal of the time-barred portion of the Indictment.  Gov't Memo. at 11.  As the Second Circuit made clear in Silkowski, a defendant cannot enter a voluntary and knowing plea without knowing the scope of the offense of conviction.  32 F.3d at 690.

## CONCLUSION

**WHEREFORE**, for all of these reasons, and those set forth in the initial motion, it is respectfully requested that this Court enter an order dismissing the untimely portions of the Indictment, and granting such other relief as the Court deems just and proper.

Dated:    New York, New York

November 14, 2007

_____
**DEIRDRE D. VON DORNUM, ESQ**

November 14, 2007