UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,        :
                                 :                07 Cr. 524 (SHS)
                                 :
           -against-             :                OPINION & ORDER
                                 :
MARTIN RIVLIN,                   :
                                 :
                    Defendant.   :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      The question for resolution on this motion to dismiss part of an indictment is whether the crime of embezzlement from an employee benefit plan is a "continuing offense" for purposes of the statute of limitations. The U.S. Court of Appeals for the Second Circuit has not addressed this question previously. However, guided by the polestar of a 37-year old U.S. Supreme Court decision, this Court concludes that the conduct charged does not constitute a "continuing offense" and therefore grants defendant's motion.

      Defendant Martin Rivlin is charged in a one-count indictment dated June 12, 2007 with fraudulently endorsing and cashing pension checks that were sent to his deceased father from January 1995 through June 2003 in violation of 18 U.S.C. § 664. That statute makes it an offense for a person to embezzle or convert to his own use any funds of an employee pension benefit plan.[1] Rivlin has moved pursuant to Fed. R. Crim. P. 12 to dismiss the portion of the

---

[1] The statute, entitled "Theft or embezzlement from employee benefit plan," provides as follows:

> Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another, any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith, shall be fined under this title, or imprisoned not more than five years, or both.

18 U.S.C. § 664.

indictment that charges conduct that falls beyond the applicable five-year statute of limitations contained in 18 U.S.C. § 3282.

Because this Court concludes that the conduct with which the defendant is charged does not constitute a "continuing offense," the statute of limitations begins to run upon the completion of each individual violation of the statute.

## I.   BACKGROUND

The following background facts are not disputed by the parties:

Solomon Rivlin, the father of defendant Martin Rivlin, was a unionized pharmacist who retired after he developed Alzheimer's disease in the late 1970s. In 1984, Martin Rivlin was given power of attorney and conservatorship over his father's financial affairs, and he opened a joint checking account with his father. Monthly pension checks from the Union Mutual Fund were deposited into that account, and Martin Rivlin used that money to cover rent and his father's medical expenses.

Solomon Rivlin died in 1987, but Martin Rivlin did not inform the Fund of his father's death. As a result, the monthly pension checks of approximately $550 continued to be sent to the apartment that the defendant had shared with his father.

In January 1995, the Fund began requiring pensioners or their lawful representatives to file an affidavit every six months "acknowledging receipt of all pension checks to date" and "stating under oath" that the pensioner remains "alive." The Government alleges that pursuant to that requirement, Martin Rivlin submitted at least seventeen signed affidavits from 1995 to 2003 stating that his father was alive – even though Solomon Rivlin had passed away in 1987 – and that he was personally endorsing the pension checks on his father's behalf in order to cause the

2

Fund to continue sending the checks. The Government further alleges that the amount of pension checks cashed by the defendant from 1995 to 2003 totaled approximately $55,000.

On June 12, 2007, a grand jury sitting in the Southern District of New York returned a one-count indictment charging that the defendant had willfully and knowingly embezzled and converted to his own use the funds of an employee pension benefit plan by fraudulently cashing the pension checks that were sent to his deceased father from January 1995 through June 2003. As noted, the defendant has now moved to dismiss the portion of the indictment that charges conduct that predates June 12, 2002.

## II.    DISCUSSION

### A.    The "Continuing Offense" Doctrine

The applicable statute of limitations provides that a defendant must be prosecuted "within five years next after such offense shall have been committed." 18 U.S.C. § 3282 (2007). In general, an offense is committed when the offense is complete, Toussie v. United States, 397 U.S. 112, 115, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970); that is, when every element of the offense has occurred, United States v. McGoff, 831 F.2d 1071, 1078 (D.C. Cir. 1987). There is an exception to the statutory time bar, however, if the charged violation constitutes a "continuing offense." Toussie, 397 U.S. at 115.

The Supreme Court has cautioned, however, that the continuing offense doctrine "should be applied only in limited circumstances," and continuing offenses "are not to be too readily found," id. at 116, since "criminal limitations statutes are to be liberally interpreted in favor of repose," id. at 115 (internal quotation marks and citations omitted). The question here is whether a violation of 18 U.S.C. § 664 constitutes a "continuing offense" such that the

3

Government may prosecute a defendant for conduct that took place more than five years prior to the indictment where at least some conduct took place within the five-year period.

The U.S. Supreme Court has held that an offense is deemed "continuing" for statute of limitations purposes only when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie, 397 U.S. at 115. "A 'continuing offense' is, in general, one that involved a prolonged course of conduct [and] is not complete until the conduct has run its course." United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995)). Moreover, "[t]he hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent even after the elements necessary to establish the crime have occurred.'" United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999) (quoting Toussie, 397 U.S. at 122).

As such, the limitations period for a continuing offense "does not begin to run when all elements are first present, but rather begins when the offense expires." Id. at 875-876; see Rivera-Ventura, 72 F.3d at 281. Conspiracy, escape, kidnapping, and crimes of possession are traditional examples of continuing offenses. See United States v. Rodriguez-Moreno, 526 U.S. 275, 281-82, 119 S. Ct. 1239, 143 L. Ed. 2d 388 (1999) (kidnapping); United States v. Bailey, 444 U.S. 394, 413, 100 S. Ct. 624, 62 L. Ed. 2d 575 (1980) (escape from federal custody); United States v. Waters, 23 F.3d 29, 36 (2d Cir. 1994) (unlawful possession of a firearm); McGoff, 831 F.2d at 1078 (conspiracy).

Furthermore, a "continuing offense" is "a term of art" that "does not merely mean an offense that continues in a factual sense," Yashar, 166 F.3d at 875, as where a defendant engages in a course of conduct comprised of repeated criminal violations, such as recurring sales of

4

narcotics or a string of separate robberies. In other words, there can be a distinction between conduct that is deemed a "continuing offense" under Toussie and conduct that constitutes a continuing course of criminal activity, but which is not deemed "continuing" for limitations purposes.

        B.        18 U.S.C. § 664 Does Not Describe a Continuing Offense.

The parties agree that the "explicit language" of 18 U.S.C. § 664 does not "compel[ ]" the conclusion that the embezzlement of funds from an employee benefit fund is a continuing offense. See Toussie, 397 U.S. at 115. Therefore, pursuant to the mandated test set forth by the Supreme Court in Toussie, this Court must determine whether the "nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Id. As noted above, the Second Circuit has yet to address that question.

To establish whether Congress intended to treat an offense as "continuing," courts consider whether the criminalized acts "clearly contemplate a prolonged course of conduct." Toussie, 397 U.S. at 120. It is not "the active or passive nature of a defendant's actions" that matters, but rather whether "the statute describes an offense that by its nature continues after the elements have been met." Yashar, 166 F.3d at 877. If so, "the offense is a continuing one regardless of the nature of [the] defendant's actions beyond that point." Id.; cf. Dalton v. Ashcroft, 257 F.3d 200, 204 (2d Cir. 2001).

While it is true that "[e]mbezzlement is the type of crime that, to avoid detection, often occurs over some time and in relatively small, but recurring, amounts," United States v. Smith, 373 F.3d 561, 567 (4th Cir. 2004), the embezzlement of money from an employee benefit fund is not inherently a prolonged course of conduct; "'[s]eparate offenses may be part of a common scheme without being 'continuing' for limitations purposes.'" Yashar, 166 F.3d at 877 (quoting

5

United States v. Jaynes, 75 F.3d 1493, 1506 n.12 (10th Cir. 1996)).  It is entirely possible to complete a violation of 18 U.S.C. § 664 by a single act – e.g., by knowingly endorsing a check issued by the employee benefit plan to someone else.  Based on the statutory language of 18 U.S.C. § 664, each time that Rivlin received and endorsed a check from the Fund on behalf of his deceased father, the necessary elements of the offense were satisfied and the statute of limitations began to run with respect to that violation.  Although Rivlin is charged with repeatedly violating the statute, the fact that his particular course of conduct literally "continued" over an eight-year period does not by itself transform a violation of 18 U.S.C. § 664 into a "continuing offense" for statute of limitations purposes under Toussie.

   C. The Authority Cited by the Government Is Inapposite.

The Government urges that United States v. Smith, a decision by the U.S. Court of Appeals for the Fourth Circuit, compels a different conclusion.  The defendant in Smith was convicted of violating 18 U.S.C. § 641 – a different embezzlement statute than the one involved here – by stealing Social Security Administration ("SSA") funds.  373 F.3d at 563.  Specifically, Smith had failed to report his mother's death to the SSA and had continued to receive electronic fund deposits into a joint account over a four-year period; he periodically withdrew funds from the account, but otherwise took no affirmative acts to continue receiving the money.  Id.  The Fourth Circuit concluded that because the defendant had "created a recurring, automatic scheme of embezzlement" and had maintained that scheme for a four-year period "without need for affirmative acts linked to any particular receipt of funds," Congress "must have intended that such be considered a continuing offense."  Id. at 567-68.

There are two reasons, however, why the Fourth Circuit's decision in Smith fails to support the Government here: (1) the underlying statutes in the two actions are materially

6

different; and (2) the Smith decision conflicts with the position embraced by the Government here that the facts of a particular case do not determine whether a criminal violation – by its very nature – constitutes a "continuing offense." Furthermore, even if that were not the case, the underlying facts of Smith and the case before this Court are materially different.

    First, the statute at issue in Smith (section 641) is significantly different from the statute at issue here (section 664) insofar as section 641 criminalizes not only the embezzlement of public funds, but also – in the disjunctive – the retention of such funds. See 18 U.S.C. § 641 (2007).[2] It is the retaining of stolen government property – a crime of possession – that can render a violation of section 641 a continuing offense. See United States v. Blizzard, 27 F.3d 100, 101 (4th Cir. 1994). The crime of possessing stolen funds does not end at the moment the funds are unlawfully obtained, but rather continues up until the possession ends; only at that point does the statute of limitations begin to run. Id. Unlike section 641, section 664 contains no reference whatsoever to the retention or possession of embezzled funds. See 18 U.S.C § 664 (2007). This Court cannot conclude – as the Government urges – that Congress "assuredly intended" section 664 to cover not only the embezzlement of funds, but also their retention over time, especially when it is patent that Congress knows how to write a statute – section 641 – that does criminalize the retention of funds.

    Second, it is notable that while the Government relies on the Fourth Circuit's effort in Smith to characterize a particular kind of embezzlement as a continuing offense, the Government simultaneously embraces the reasoning of the Seventh Circuit in Yashar that the "active or

---

[2] 18 U.S.C. § 641 provides in relevant part that:

> Whoever embezzles, . . . or knowingly converts to his use or the use of another . . . any . . . thing of value of the United States or of any department or agency thereof, . . . or
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted--
> Shall be fined under this title or imprisoned not more than ten years, or both.

passive nature" of the underlying conduct is irrelevant to whether "the nature of the crime involved" itself compels the conclusion that the offense is continuing. Yashar, 166 F.3d at 875, 877.

In Yashar, the defendant was indicted for the embezzlement of local government funds in violation of 18 U.S.C. § 666, which the Government conceded did not constitute a "continuing offense." Yashar, 166 F.3d at 875-76. Nonetheless, the Government there contended that because the defendant had engaged in "a continuing course of conduct" that "straddle[d] the limitations period," the statute of limitations did not bar the defendant's prosecution for the entirety of his conduct. Id. at 876. Citing the second prong of Toussie – the requirement that "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one," 397 U.S. at 115 – the Seventh Circuit squarely rejected the Government's approach and reasoned that such a focus on the particular conduct would distract from the "wording and intent" of Congress in the statute, Yashar, 166 F.3d at 877, and would "transform the limitations period from a check on governmental delay in prosecution to a function of prosecutorial discretion," id. at 879.

Unlike Yashar, the decision in Smith turns on the conduct alleged in that particular case – the "recurring, automatic scheme" used to embezzle the SSA funds. 373 F.3d at 567-68. In light of those specific facts – and because the statute involved in that case encompassed the retention of the embezzled funds – the Fourth Circuit concluded that "the particular kind of embezzlement" at issue constituted a continuing offense, but that not "all conduct constituting embezzlement may necessarily be treated as a continuing offense as opposed to merely 'a series of acts that occur over a period of time.'" Smith, 373 F.3d at 568. Moreover, Toussie's requirement that a court find that "Congress must assuredly have intended" that a particular

8

offense be treated as a continuing offense does not permit the kind of fine-grained distinctions contemplated by Smith.

Accordingly, Smith is inapposite because (1) the statutory language of 18 U.S.C. § 641 includes the element of retention, while 18 U.S.C. § 664 does not, and (2) the particular course of conduct giving rise to the offense is not relevant under Toussie to a determination of whether Congress "would assuredly have intended" that a crime be deemed a continuing offense. Despite the fact that Rivlin's alleged criminal activity literally "continued" over time – and that he took affirmative acts to cause the Fund to continue issuing new checks – there is nothing inherently continuous about any single violation that Rivlin is alleged to have committed. Mindful of the cautionary language of Toussie directing that statutes of limitations be "liberally interpreted in favor of repose," 397 U.S. at 115, this Court cannot find that Congress "assuredly . . . intended" the violation of 18 U.S.C. § 664 to be treated as a continuing offense.

### III. CONCLUSION

The Government has failed to satisfy the Toussie test because: (1) there is no explicit statutory language in 18 U.S.C. § 664 that compels the conclusion that embezzlement from an employee benefit fund is a continuing offense; and (2) nothing supports a finding that Congress "assuredly . . . intended" that such violations be treated as continuing. Accordingly, a violation of 18 U.S.C. § 664 is not a continuing offense, regardless of how many times an individual defendant may have violated the statute or whether the defendant was engaged in an on-going course of criminal conduct. Defendant's motion for a partial dismissal of the indictment is granted. The Government may only prosecute the defendant for charged conduct that occurred

within the five years preceding the June 12, 2007 indictment.

Dated: New York, New York
December 5, 2007

SO ORDERED:

Sidney H. Stein, U.S.D.J.